FILED
SUPERIOR COURT
OF GUAM

2025 OCT -1 AM 9: 44

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ROLAND SABLAN, Administrator for the Estate of JESSE JAMES TENORIO SABLAN II,<br><br>Plaintiff,<br><br>vs.<br><br>TAKLAST SARIFI, RUEL O. VALENCIA d.b.a. DISH&THAT, CHUNG KUO INSURANCE CO., LTD, and DOES 1-10 Inclusive,<br><br>Defendants. | CIVIL CASE NO. CV0494-24<br><br><br><br>**DECISION AND ORDER** |

### INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on July 3, 2025, upon Defendants' Ruel O. Valencia and Chung Kuo Insurance Co., LTD. ("Defendants") Motion for Summary Judgment filed May 14, 2025. Plaintiff Roland Sablan, Administrator for the Estate of Jesse James Tenorio Sablan II ("Plaintiff") is represented by Attorney Mark Williams. Defendants are represented by Attorney R. Marsil Johnson. Having reviewed the motions and having heard oral arguments in this matter, the court issues the following Decision and Order.

### BACKGROUND

Plaintiff initiated this action as Administrator for the Estate of Jesse James Tenorio Sablan II ("Decedent"), on September 17, 2024, asserting two causes of action: negligence

Decision and Order
Civil Case No. CV0494-24 Roland Sablan, Administrator of the Estate of Jesse James Tenorio Sablan II v. Taklast Sarifi, Ruel O. Valencia
d.b.a. Dish&That, Chung Kuo Insurance Co., LTD, and DOES 1-10 Inclusive.

against Defendants Taklast Sarifi ("Mr. Sarifi"), Ruel O. Valencia d.b.a. Dish&That ("Mr. Valencia"), and John Doe Insurance Carrier. *See,* Compl., Sep. 17, 2024. On September 30, 2024, Plaintiff amended the complaint adding Defendant Chung Kuo Insurance Co., LTD. ("CKI"). *See,* Amended Compl. Sep. 30, 2024. The claims arise from an automobile accident that occurred on October 7, 2022, at approximately 10:04 p.m., on or around Route 16 in Dededo, Guam. *Id.* at 3. Plaintiff alleges that Mr. Sarifi, while operating a 2003 Toyota Pre Runner owned by Mr. Valencia negligently struck the vehicle driven by the Decedent. *Id.* Plaintiff contends that the collision caused the Decedent to suffer severe bodily injuries, pain and suffering, and ultimately, his death. *Id.* Plaintiff was the duly appointed administrator and personal representative of the Decedent's estate. *Id.* at 1. Plaintiff further alleges that Mr. Valencia's vehicle was insured under a liability policy issued by CKI and that, pursuant to 22 GCA § 18305, CKI is directly liable for any judgment against Mr. Valencia up to the policy limits. *Id.*

Defendants filed a Motion for Summary Judgment on May 14, 2025. Plaintiff filed an Opposition to Defendants' Motion for Summary Judgment on June 12, 2025. Defendants filed a Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment on June 25, 2025. The Court took the matter under advisement on July 3, 2025.

## DISCUSSION

In resolving Defendants' Motion for Summary Judgment, the Court must first determine whether a genuine issue of material fact exists regarding what damages, if any, are recoverable under Guam's survival statutes, Title 19 of the Guam Code Annotated ("G.C.A.") § 31104 and 15 G.C.A. § 2209. The Court will then address whether Plaintiff has properly asserted a wrongful death claim on behalf of the heirs under 7 G.C.A. § 12109. Finally, the Court will

Decision and Order
Civil Case No. CV0494-24 Roland Sablan, Administrator of the Estate of Jesse James Tenorio Sablan II v. Taklast Sarifi, Ruel O. Valencia
d.b.a. Dish&That, Chung Kuo Insurance Co., LTD, and DOES 1-10 Inclusive.

consider Plaintiff's contention that Defendants waived arguments under § 12109 and § 2209, and assess whether the record supports a finding of waiver. By addressing these issues, the Court will determine whether summary judgment is appropriate.

## I.  PLAINTIFF PROPERLY SEEKS DAMAGES UNDER 15 G.C.A. § 2209

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Hawaiian Rock Products Corporation v. Ocean Housing, Inc.,* 2016 Guam 4 ¶ 26. A genuine dispute occurs where there is sufficient evidence which establishes a factual dispute requiring resolution by a fact-finder. *Id.* A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. *Id.*

In considering whether a later statute repealed an earlier statute, the tenets of statutory construction direct the analysis to first look at the plain meaning to resolve apparent conflicts and contradictions. *People v. Reselap,* 2022 Guam 2 ¶ 54. It is a cardinal rule of statutory construction that courts must look first to the language of the statute itself. *Id.* Absent clear legislative intent to the contrary, the plain meaning prevails. *Sumitomo Const., Ltd. v. Government of Guam,* 2001 Guam ¶ 23. Whenever a court is confronted with apparently conflicting legislation, its goal is to ascertain the intent of the legislative body and construe the law accordingly.

19 G.C.A. §31104 states when the person entitled to maintain such an action dies before judgment, damages recoverable for such injury shall be limited to loss of earnings and expenses sustained or incurred as a result of the injury by the deceased prior to his death, and shall not

include damages for pain, suffering or disfigurement, nor punitive or exemplary damages, nor prospective profits or earnings after the date of death.

15 G.C.A. §2209 (a) states that no cause of action shall be lost by reason of the death of any person but may be maintained by or against such person's personal representative. 15 G.C.A. §2209 (b) says that in an action brought under this Section against a personal representative, all damages may be awarded which might have been recovered against the decedent had the decedent lived. 15 G.C.A. §2209 (c) states when a person having a cause of action dies before judgment, the damages recoverable by the decedent's personal representative are limited to such loss or damage as the decedent sustained or incurred prior to death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived, and shall not include damages for pain, suffering or disfigurement.

The Defendants argue that damages recoverable by a personal representative are strictly limited under 19 G.C.A. § 31104, which precludes recovery for pain, suffering, disfigurement, punitive damages, and post-death earnings, and allows only damages for lost earnings and expenses incurred before death. *See,* Def. Mot. For Summ. Jug. May 14, 2025. Because Decedent died instantly, Defendants contend that there were no such damages and therefore no recovery is available under Guam law. *Id.* Plaintiff responds that 15 G.C.A. § 2209, which governs the administration of a decedent's estate authorizes additional categories of recovery, including punitive damages and property damage. *See,* Opp'n, Jun 12, 2025.

In this case, Plaintiff properly seeks damages under 15 G.C.A. § 2209. While Defendants argue that recovery is strictly limited to lost earnings and medical expenses under 19 G.C.A. § 31104, a closer reading of the statutory framework shows that 15 G.C.A. § 2209

provides a broader avenue of recovery. 15 G.C.A. § 2209 expressly states that no cause of action shall be lost by reason of death and authorizes the decedent's personal representative to maintain the action, with subsection (b) permitting recovery of all damages that could have been awarded had the decedent lived, including punitive and exemplary damages. Although subsection (c) excludes damages for pain, suffering, or disfigurement, it expressly preserves the availability of punitive damages and penalties, which contrasts with the restrictions in 19 G.C.A. § 31104. The legislative comment to § 2209 confirms this broader purpose, noting that the provision represents a complete revision of § 573 of the Probate Code of Guam (1970) and consolidates material from both § 574 of the Probate Code and § 956 of the Civil Code. Thus, 15 G.C.A. § 2209 is not a radical departure from prior law but instead reflects the Legislature's intent to unify and expand the rules for survival of actions of all kinds and the measure of recovery in cases involving a decedent. Under the rules of statutory construction, courts must first look to the plain meaning of the statutes and attempt to harmonize them where possible. Here, the more specific provisions of 15 G.C.A. § 2209 governing estate administration complement, rather than repeal, 19 G.C.A. § 31104 by clarifying which categories of damages survive and which do not. To adopt Defendants' interpretation would effectively nullify 15 G.C.A. § 2209's purpose and contradict the Legislature's intent to preserve causes of action through a personal representative.

The Court finds that Plaintiff may pursue recovery under 15 G.C.A. § 2209.

## II. PLANTIFF PROPERLY SEEKS DAMAGES ON BEHALF OF THE HEIRS OF THE ESTATE OF DECEDENT UNDER 7 G.C.A. § 12109.

7 G.C.A. §12109 states that when the death of a person is caused by the wrongful act or neglect of another, his or her heirs or personal representatives on their behalf may maintain an action for damages against the person causing the death. The right of action given by 7 G.C.A. §

12109 is a new action differing from that which the decedent would have had if he had lived. *Newby v. Government of Guam,* 2010 Guam 4 ¶ 25. A wrongful death action is not a continuation or revival of the cause of action subsisting in the decedent before his death but instead is an original and distinct cause of action granted to heirs and personal representatives to recover damages sustained by them by reason of the wrongful death of the decedent. *Id.*

The Defendants argued that Plaintiff does not properly seek damages on behalf of the Decedent's heirs under Guam's wrongful death statute and thus not entitled to damages under 7 G.G.A. §12109. *See,* Reply, Jun. 25, 2025. However, Plaintiff properly seeks damages on behalf of the heirs of the estate of Decedent under 7 G.C.A. § 12109. In the First Amended Complaint, Plaintiff asserts claims on behalf of the Decedent's heirs at law and seeks relief against Defendants. *Id.* at 4. Plaintiff asserted in Response to Interrogatories that Decedent's estate and heirs are entitled to the amount of lost earnings which represent damages to the estate and the heirs, as identified in Response to Request No.9, above. *Id.* Plaintiff has also offered evidence that Decedent regularly provided financial support to his parents. *Id.*

The Court finds that Plaintiff properly asserted damages on behalf of heirs of the estate of decedent.

### III. DEFENDANT DID NOT WAIVE THE ARGUMENT THAT PLANTIFF IS NOT ENTILED TO RECOVER UNDER 7 G.C.A. § 12109 OR 15 G.C.A. § 2209.

The Plaintiff states that the Defendants' argument that the Plaintiff is not entitled to recover under 7 G.C.A. § 12109 or 15 G.C.A. § 2209 was waived. *Id.* at 12. The Plaintiff argues that this was intentional and a strategic decision to omit 7 G.C.A. § 12109 or 15 G.C.A. § 2209. However, Defendant's argument was not intentional nor a strategic decision to omit 7 G.C.A. § 12109 or 15 G.C.A. § 2209. The Defendant initially argued that Plaintiff was not entitled to

Decision and Order
Civil Case No. CV0494-24 Roland Sablan, Administrator of the Estate of Jesse James Tenorio Sablan II v. Taklast Sarifi, Ruel O. Valencia
d.b.a. Dish&That, Chung Kuo Insurance Co., LTD, and DOES 1-10 Inclusive.

damages for pain and suffering and for earnings after the date of death under 19 G.C.A. § 31104. *Id.* at 4. The Plaintiff later argued that their damages were valid under 7 G.C.A. § 12109 and 15 G.C.A. § 2209. *Id.* The Defendant then raised the argument that Plaintiff was not entitled to recover under 7 G.C.A. § 12109 or 15 G.C.A. § 2209. *Id.* at 5. The Defendants withholding this argument was not a strategic decision nor intentional. The record demonstrates that Defendants' position on 7 G.C.A. § 12109 and 15 G.C.A. § 2209 arose only after Plaintiff relied on those provisions in opposition and thus cannot reasonably be characterized as a deliberate waiver. Instead, the sequence of briefing reflects a responsive clarification of the applicable statutory framework rather than a strategic omission of available defenses.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion for Summary Judgement.

**IT IS SO ORDERED** _____OCT 0 1 2025_____ .


**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**